JEAN M. GEDNEY v. FRED H. AYERS and Another.[1]

May 13, 1910.

Nos. 16,586—(43).

**Action against attorney — counterclaim for services.**

In an action for money had and received, appellants admitted receipt of the money, and pleaded a counterclaim alleging they were entitled to the full amount under a contract for legal services which provided that they were to be paid one-third of the gross amount of the estate. *Held:*

1. The evidence sustains the jury in finding that appellants were entitled to one-third of the value of the estate realized by respondent, and not to one-third of the entire estate, without regard to debts and expenses.

2. The jury were warranted by the evidence in finding that certain articles of personal property belonged to respondent, and not to the estate; that the value of certain real estate was not established, and that a certain bill for attorney's fees was paid by appellants without authority of respondent.

Action in the district court for Hennepin county to recover $9,287.-82 for money had and received.

The answer admitted that defendants had received for plaintiff the sum of $18,964.63, under a contract of employment with plaintiff in respect to the probate of the estate of Harry E. Gedney, deceased, in the probate court of that county; that in pursuance of such employment defendants filed a petition in the probate court for the appointment of plaintiff as administratrix of the estate, as widow and sole heir of deceased; that upon the hearing of the petition, I. V. Gedney and Charles B. Gedney appeared and filed objections, claiming that plaintiff was not the wife of decedent; that I. V. Gedney and five other persons named, brothers and sisters of decedent, were his legal heirs; that plaintiff was unable at the hearing to establish her marriage with decedent and F. A. Gross was appointed administrator of the estate; that thereafter defendants petitioned the court for a widow's allowance for plaintiff and caused the brothers and sisters of

[1]Reported in 126 N. W. 398.

decedent to be cited to show cause why such allowance should not be made. The answer further alleged that, after the hearing of that petition and before the decision of the court was filed, and being desirous of borrowing $310 from defendants, plaintiff agreed with them that she would pay them as compensation for their services in establishing her as the legal wife of said decedent, "a gross one-third value of all the money and property, real and personal, that she should recover in case these defendants were successful in establishing her as the legal wife of said Harry E. Gedney, deceased, and that these defendants should become the owners of a gross one-third value of all money so received, and of all property, both real and personal, wherever the same should be situated" belonging to said estate; "that said plaintiff would pay in addition to the gross one-third all costs and expenses in such litigation and would repay to these defendants any and all money loaned or advanced to said plaintiff." The answer alleged that thereafter the probate court filed its order finding that plaintiff was the legal wife of said decedent at the time of his death and granted her a widow's allowance in said estate of $100 per month, which sum the administrator was directed to pay to plaintiff; that the objectors to said petition appealed from that order to the district court for that county, and after such appeal defendants in performance of their contract attended the taking of numerous depositions in Minnesota, Wisconsin and Michigan, and expended about said matter the sum of $304; that thereafter the plaintiff and said objectors came to a settlement of the matters in controversy, whereby it was agreed said appeal should be dismissed and the order of the probate court affirmed, and as part of the consideration of the settlement it was agreed that plaintiff would cause to be sold to the objectors certain stock owned by decedent for the sum of $25,000, and out of the proceeds pay to Hall & Kolliner, as a balance of their fees as attorneys for such objectors, the sum of $750; that pursuant to such agreement defendants paid said sum of $750.

The answer also alleged that upon such settlement and sale of stock the administrator of the estate received the sum of $28,159.68 and plaintiff, as the legal wife of said decedent, became possessed

of the household goods and furniture of decedent worth $1,500, diamonds and jewelry worth $7,500, a lot in the city of Minneapolis worth $600 and real estate in Texas worth $2,600; that pursuant to the contract defendants became the owners of and entitled to a lien upon one-third part of all said property, both real and personal, to wit, the sum of $11,453.25, a gross one-third of the total estate plaintiff had taken possession of; that defendants were entitled to the sum of $9,386.56 of the cash estate and one-third interest in the real estate in Texas and Minneapolis and one-third interest in the furniture and jewelry mentioned, and prayed judgment against plaintiff for the sum of $4,601.68.

The reply admitted that defendants were her attorneys, but alleged she had no knowledge or information as to the value of their services.

The case was tried before Brooks, J., and a jury which returned a verdict in favor of plaintiff for $1,671.33. Plaintiff's motion for judgment for the amount demanded notwithstanding the verdict was denied. Defendants' motion for judgment notwithstanding the verdict or for a new trial was denied. From the order denying defendants' motion, they appealed. Affirmed.

*A. M. Harrison,* for appellants.
*D. W. Parsons,* for respondent.

LEWIS, J.

Appellants were employed by respondent as her attorneys for the purpose of prosecuting her claim and proving in probate court that she was the legal wife of Harry E. Gedney, deceased, and that she was entitled to his estate. The brothers and sisters of Mr. Gedney claimed that respondent was not his legal wife and not entitled to any part of the estate. Proceedings were had in probate court, which resulted in respondent being recognized as the legal wife of Mr. Gedney, and an allowance was made by the court for her support pending settlement of the estate. The other heirs appealed to the district court from the decree of the probate court, and before the matter came on for trial in the district court a settlement was made between respondent and the other Gedney heirs, by which she agreed

to accept in full settlement the sum of $25,000. Appellants, as her attorneys, received the money paid under the settlement, and this action was brought by her to recover the balance of the amount paid to them by the other heirs.

Appellants having admitted possession of the money and having attempted to justify such possession upon the ground that respondent owed them for services rendered, it became necessary for them to prove by satisfactory evidence that they were entitled to the money in whole or in part. The evidence is not conclusive that appellants were entitled to retain one-third of the entire estate, without reference to the payment of debts and expenses, and they were not entitled to judgment notwithstanding the verdict.

The evidence in support of appellants' claim that they were to have one-third of the estate, without reference to debts and expenses, is quite indefinite and is not convincing. Respondent denied that any agreement as to fees was ever reached; but, notwithstanding her denials, it was established almost beyond controversy that an agreement was reached, and that the attorneys were to receive one-third of the estate. The only doubtful question in the case was whether "estate" meant the gross amount received by respondent after the debts and expenses of the estate were paid. Appellants' own version of the conversations with respondent concerning the contract is somewhat contradictory, and, when considered in connection with the entire evidence, we are of opinion that on appellants' own showing it was an open question for the jury to determine what the contract was, and they were justified in finding that the attorneys were to receive one-third of the amount realized by respondent.

The court also submitted to the jury for their determination the question whether or not the diamonds, valued at about $1,500, were the individual property of Mrs. Gedney, or belonged to the estate, and whether the value of a certain house and lot in Texas and a lot located in Minneapolis had been proven, and also whether a certain bill of the attorneys for the Gedney heirs had been paid by appellants without authority of Mrs. Gedney. We have examined the evidence with reference to these several claims, and are of the opinion that the jury were justified in finding that the diamonds were Mrs.

Gedney's personal property; that her alleged admissions as to the value of the real estate were not necessarily binding upon her, and in the absence of any other evidence the jury were justified in finding that there was no evidence as to the value of the real estate. The evidence was conflicting on the question of authority to pay the Hall & Kolliner bill, and we find no error in the charge.

Affirmed.

JAGGARD, J.,
I dissent.